UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00023-TBR-LLK

HEATHER ALVEY, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant.

## MEMORANDUM OPINION AND ORDER

Following a fire in her residence, Heather Alvey filed a proof of loss with her insurer, State Farm Fire and Casualty Company. The parties failed to settle that claim, and so Alvey brought this action for breach of contract and for statutory and common-law bad faith. Now, State Farm asks the Court to bifurcate the trial of, and stay discovery on, Alvey's bad-faith claims until the breach-of-contract claim has been resolved. Alvey opposes that motion in full. Having carefully considered the record before it, the Court finds bifurcation, along with a stay of discovery, to be warranted. Accordingly, State Farm Fire and Casualty Company's Motion to Bifurcate and to Stay Discovery, [R. 9], is **GRANTED**.

### I.

### A.

In 2016, a fire destroyed the home, garage, and personal property of Heather Alvey. [R. 1-1 at 2, ¶ 3 (Complaint).] Prior to the incident, Alvey had purchased a renter's insurance policy from State Farm Fire and Casualty Company. [*Id.* at 1–2, ¶ 2.] Alvey submitted a claim and State Farm made good on the policy—at least at first. [*Id.* at 2, ¶ 4.] But after a subsequent investigation suggested that the fire had been no accident, State Farm refused to reimburse Alvey for any loss. [*Id.* at 3–4, ¶¶ 9, 17.]

B.

The instant lawsuit followed. In her complaint, Alvey brings claims against State Farm for breach of contract, [*id.* at 2, ¶¶ 3–5], for statutory and common-law bad faith, [*id.* at 2–4, ¶¶ 6–15], and for a declaratory judgment of her rights under the insurance contract, [*id.* at 4, ¶¶ 16–19]. Having removed Alvey's action to this Court, [*see* R. 1 (Notice of Removal)], State Farm moves to bifurcate the trial of the breach-of-contract and bad-faith claims, and to stay discovery of the latter until the former is resolved, [R. 9 (Motion to Bifurcate and Stay Discovery)]. Alvey opposes that motion in full. [R. 10 (Response).]

II.

Under Federal Rule of Civil Procedure 42(b), the Court may order separate trials for "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). In determining whether separate trials are appropriate, the Court considers "several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). "The language of Rule 42(b) places the decision to bifurcate within the discretion" of this Court. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citing *Davis v. Freels*, 583 F.2d 337, 339 (7th Cir. 1978)).

Likewise, this Court is vested with the "inherent authority to manage" its docket and affairs "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, —— U.S. ——, ——, 136 S. Ct. 1885, 1892 (2016) (collecting cases). "[T]he power to stay proceedings" is one arrow in that quiver. *Gray v. Bush*, 628 F.3d 779, 785

(6th Cir. 2010) (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In exercising its judgment, this Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255 (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

### III.

To begin, State Farm asks the Court to bifurcate the trial of Alvey's breach-of-contract and bad-faith claims. From State Farm's perspective, bifurcation is more efficient because Alvey's bad-faith claims depend on a threshold determination that State Farm, as the insurer, has an obligation to pay under the policy. [R. 9-1 at 4 (Memorandum in Support).] Bifurcation also avoids the prejudice and confusion which, according to State Farm, might arise from litigating the bad-faith claims alongside the breach-of-contract claim. [*Id.* at 2–3.] The Court agrees.

Here, all pertinent factors weigh in favor of bifurcation. First, the viability of Alvey's bad-faith claims is contingent upon the existence of an enforceable contractual obligation to pay. *See Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."). Because "resolution of [that] single issue" will be "dispositive of an entire claim," it is more convenient and economical to decide the breach-of-contract claim before passing on the bad-faith claims. *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). Second, bifurcation will allow "the jury to focus on a single issue at a time" and, therefore, will avoid the introduction of irrelevant evidence. *Brantley v. Safeco Ins. Co. of Am.*, No. 1:11-CV-00054-R, 2011 WL 6012554, at *3 (W.D. Ky. Dec. 1, 2011). Third, separate proceedings will mitigate possible

prejudice to State Farm—even if that prejudice might not be as severe as in the context of litigating a third-party bad-faith claim. *See Foster v. Am. Fire & Cas. Co.*, No. 13-426-GFVT, 2014 WL 7499427, at *3 (E.D. Ky. Jan. 8, 2014) (collecting cases).

The fact that Alvey has brought a first-party (as opposed to a third-party) bad-faith claim does not change that calculus. True enough, some courts take a different approach when confronted with the question of whether to bifurcate a first-party action. *See, e.g.*, *Woody's Rest., LLC v. Travelers Cas. Ins. Co. of Am.*, No. 5:12-CV-92-JMH-REW, 2014 WL 108317, at *2–4 (E.D. Ky. Jan. 9, 2014); *Lively v. USAA Cas. Ins. Co.*, No. CIV.A.08-422-JMH, 2009 WL 1116327, at *1 (E.D. Ky. Apr. 24, 2009); *Tharpe v. Ill. Nat'l Ins. Co.*, 199 F.R.D. 213, 214–15 (W.D. Ky. 2001). A split in authority is unremarkable, however, since the decision to bifurcate is discretionary and made on a case-by-case basis. In light of the dispositive nature of Alvey's breach-of-contract claim and the possibilities of confusion and prejudice resulting from a single trial, there is ample justification to bifurcate the trial of this action.

For much the same reason, there is good cause to stay discovery on Alvey's bad-faith claims until her breach-of-contract claim has been resolved. First, because Alvey's bad-faith claims turn on the success of her breach-of-contract claim, failure to issue a stay might result in needless discovery (and added expense). *See Ferrell v. Liberty Mut. Grp., Inc.*, No. 12-112-ART, 2012 WL 12925676, at *2 (E.D. Ky. Dec. 17, 2012). Second, issuing a stay protects the parties from battling over the production of State Farm's investigatory files. *See Hoskins v. Allstate Prop. & Cas. Ins. Co.*, No. CIV.A. 6:06-389-DCR, 2006 WL 3193435, at *3 (E.D. Ky. Nov. 2, 2006). Therefore, staying discovery on

Alvey's contingent claims promotes judicial economy and the legitimate interests of the parties.

### IV.

**IT IS HEREBY ORDERED** that State Farm Fire and Casualty Company's Motion to Bifurcate, [R. 9], is **GRANTED**. The Court shall bifurcate this matter into two separate proceedings. The first will address Heather Alvey's claims for breach of contract and declaratory judgment. [R. 1-1 at 2, 4, ¶¶ 3–5, 16–19.] The second will address Heather Alvey's claims for statutory and common-law bad faith. [*Id.* at 2–4, ¶¶ 6–15.]

**IT IS FURTHER ORDERED** that State Farm Fire and Casualty Company's Motion to Stay Discovery, [R. 9], is **GRANTED**. Discovery on Heather Alvey's claims for statutory and common-law bad faith **SHALL BE STAYED** until the conclusion of the first proceeding on the claim for breach of contract.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record