UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:17-CV-00023-TBR-LLK

HEATHER ALVEY                                                                         PLAINTIFF

v.

STATE FARM FIRE & CASUALTY COMPANY                                     DEFENDANT

# OPINION AND ORDER

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 8).

Defendant, State Farm Fire and Casualty Company ("State Farm") filed a Motion for Protective Order requesting limitations on the scope and extent of designated topics for a Rule 30(b)(6) deposition notice. (Docket # 25). Plaintiff, Heather Alvey, filed her Response to this Motion (Docket # 27) and State Farm filed its Reply (Docket # 28). Fully briefed, this Motion is ripe for adjudication. For reasons detailed below, Defendant's Motion for Protective Order is GRANTED IN PART and DENIED IN PART.

## Background

This action arises out of a fire to the home being rented by Plaintiff, Heather Alvey, in Paducah, Kentucky on or about February 22, 2016. It is undisputed that at the relevant times, Alvey had a renter's policy with State Farm that, in part, insured the contents of the home. State Farm contends that it investigated and denied the claim on the following grounds that Alvey: a) intentionally set the fire and Alvey had motive and opportunity to burn the home; b) made material representations in the presentation of her claim that voided the policy; and c) failed to comply with her duties to cooperate under the policy. Alvey brought suit against State Farm for breach of contract and statutory and common-law bad faith.

## Procedural History

On June 28, 2017, the Court bifurcated and stayed discovery on the statutory and common-law bad faith claims until resolution of the breach of contract claim. (Docket # 12). The parties exchanged written discovery and State Farm deposed Alvey.

On August 16, 2017, Alvey served State Farm with a Rule 30(b)(6) notice for September 22, 2017. (Docket # 15). On September 21, 2017, Alvey served State Farm with another Rule 30(b)(6) notice to reschedule the September deposition to October 25, 2017. (Docket # 16). On October 19, 2017, State Farm served Alvey with its objections to the Rule 30(b)(6) notice for October 25, 2017. (Docket # 28-3). On November 29, 2017, Alvey served State Farm with a third Rule 30(b)(6) notice for January 5, 2018. (Docket # 20). On December 18, 2017, State Farm served Alvey with its objections to the Rule 30(b)(6) notice for January 5, 2018. (Docket # 25-3, Exhibit B). On December 19, 2017, Alvey served State Farm with a fourth Rule 30(b)(6) notice for January 10, 2018. (Docket # 23).

On January 9, 2018, the Court held a telephonic conference where the parties discussed filing a motion for protective order and an expedited schedule for the Motion. (Docket # 26). The Court set the following schedule for the Motion: "The motion for protective order regarding 30(b)(6) depositions shall (be) filed by January 18, 2018, a response shall be filed by January 25, 2018, and a reply by January 30, 2018." (Docket # 26). Alvey then re-noticed the scheduled Rule 30(b)(6) deposition for February 20, 2018. (Docket # 24). State Farm timely filed this Motion for Protective Order on January 16, 2018. (Docket # 25).

After filing a Response Brief, Plaintiff's counsel requested oral argument on the pending motion. Because the parties are in need of an expedited ruling on this Motion and have had

adequate opportunity to state their positions in the briefs, the Court deems oral argument unnecessary.

The Rule 30(b)(6) deposition notice provides that pursuant to Fed. R. Civ. P. 30(b)(6), "State Farm is required to designate and fully prepare one or more officers, directors, managing agents or other persons who consent to testify on behalf of State Farm, and whom State Farm will fully prepare to testify regarding all information that is known or reasonably available to State Farm's organization," followed by a list of six topic areas and a total of thirty-one subtopics. Although State Farm's Motion does not specifically identify which topics and subtopics it disputes, State Farm generally seeks a Protective Order excluding communications and materials protected by the work-product doctrine, communications and materials relating to the bad faith claim, and communications and materials not proportional to the breach of contract claim.

*State Farm's Motion*

State Farm argues that a party seeking discovery must describe the matters to be explored in the deposition with "reasonable particularity" and that the topics be limited by the scope of permissible discovery. State Farm asserts that the Court should grant its Motion for Protective Order and limit the topics of discovery because: 1) the work-product doctrine protects portions of State Farm's investigation claim file; 2) certain topics are overly broad, irrelevant, and not proportional to the needs of the breach of contract case; 3) certain topics relate to Alvey's bad-faith claims, which have been stayed pending resolution of this claim; and 4) certain requests could require the corporate representative to testify to the entirety of the renter's policy and related materials, which is also overly broad.

*Alvey's Response*

Alvey filed a lengthy response in opposition to State Farm's Motion for Protective Order. Alvey argues that her deposition notice directly follows the language of Fed. R. Civ. P. 30(b)(6) and the language provided in *Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. CIV.A. 05-2001-DJW, 2009 WL 2951120, at *1 (D. Kan. Sept. 10, 2009). Alvey contends that notice is "reasonably particular" because one can discern what is being sought from the plain language of the notice. Alvey argues that State Farm's corporate representative should be required to testify to each and every topic and subpart listed in her Rule 30(b)(6) Notice because: 1) State Farm waived its objections by failing to file its Motion for Protective Order prior to the January 10, 2018 deposition; 2) State Farm waived its attorney-client privilege by failing to provide a proper privilege log; 3) State Farm's investigation claim file is relevant, discoverable, and may be the only way to show that State Farm breached its contract with Alvey; 4) all of the facts, information, and/or documents that Alvey requests the corporate representative to testify to was obtained through discovery; and 5) Alvey is entitled to inquire about the entire contract because it is a breach of contract claim.

**Legal Standard**

"Rule 26(b)(1) is the touchstone for the scope of civil discovery." *Pogue v. NorthWestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 3044763, at *4 (W.D. Ky. July 18, 2017). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any party's claim or defense. The Court has wide discretion when dealing with discovery matters,

including whether information might be relevant." *Pogue,* 2017 WL 3044763, at *5 (citations omitted).

Rule 26(b)(2) addresses limitations on the frequency and extent of discovery. *See Schall v. Suzuki Motor of Am., Inc.*, No. 4:14CV-00074-JHM, 2017 WL 4050319, at *4 (W.D. Ky. Sept. 13, 2017); *Pogue,* 2017 WL 3044763, at *5. Subpart (b)(2)(C) provides:

> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> >
> > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> >
> > (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Rule 30 of the Federal Rules of Civil Procedure addresses oral depositions. Fed. R. Civ. P. 30. Subpart (b)(6) sets forth the substantive rule that applies to depositions of corporate representatives:

> (6) Notice or Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6).

"An organization that is served with a notice for a Rule 30(b)(6) deposition is obligated to produce a witness or witnesses knowledgeable about the subjects described in the notice and

to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation." *Janko Enters. v. Long John Silver's, Inc.*, No. 3:12-CV-345-S, 2014 U.S. Dist. LEXIS 185334, at *12 (W.D. Ky. Apr. 2, 2014) (citations omitted). The testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation and presents the corporation's "position" on the topic. *Schall v. Suzuki Motor of Am., Inc.*, 2017 WL 4050319, at *5 (W.D. Ky. Sept. 13, 2017). A Rule 30(b)(6) representative must be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation. *Id*.

Rule 30(b)(6) imposes not only a burden upon the party who designates its representative, but also upon the party seeking discovery. *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, No. 3:13-CV-1047-CRS, 2016 WL 9460471, at *3 (W.D. Ky. June 29, 2016). Pursuant to the Rule, the party seeking discovery must describe the matters to be explored in the deposition with "reasonable particularity" sufficient to enable the responding corporation or business entity to produce a representative witness who can testify to the entity's knowledge on the topics so identified. *Id*. A Rule 30(b)(6) representative is not expected to perform with absolute perfection, and the inability of such a representative to answer every question on a particular topic does not necessarily mean that the corporation failed to comply with its obligations under the Rule. *Schall*, 2017 WL 4050319, at *5; *Janko Enters.*, 2014 U.S. Dist. LEXIS 185334, at *14.

**State Farm did not waive all of its objections by not filing a motion for protective order before the Rule 30(b)(6) deposition scheduled for January 10, 2018.**

As an initial matter, Alvey contends that State Farm has waived all of its objections by not filing its Motion for Protective Order prior to the deposition of the 30(b)(6) corporate representative as originally scheduled on January 10, 2018. Alvey asserts that instead of immediately filing a Motion for Protective Order, State Farm attempted to dictate to Alvey as to what it was willing to prepare its 30(b)(6) representative, which is a clear violation of discovery

6

rules. Alvey cites a plethora of authority to support its proposition that State Farm waived its objections by failing to file for a protective order prior to the January 10, 2018, deposition.

However, Alvey not only received State Farm's objections to the 30(b)(6) Notice before attempting to take the deposition on January 10, 2018 (Docket #25-3, Exhibit B) but also participated in a telephonic conference with the Court on January 9, 2018, where State Farm discussed filing a motion for protective order (Docket # 22). Despite State Farm's objections and the parties' discussion with the Court about the protective order, Alvey proceeded to take the deposition of the 30(b)(6) representative. State Farm did not waive its objections to the Rule 30(b)(6) Notice.

Alvey relies on *Beach Mart, Inc. v. L&L Wings, Inc.*, for the proposition that State Farm wrongly served objections on Alvey rather than moving for a protective order. 302 F.R.D. 396 (E.D.N.C. 2014). Unlike *Beach Mart, Inc.*, State Farm informed Alvey and the Court that it would be filing a motion for protective order on the Rule 30(b)(6) deposition. Furthermore, the issue in this Motion for Protective Order is not whether State Farm's objections to the Rule 30(b)(6) deposition notice were improper and whether Alvey is entitled to sanctions; rather, this Motion for Protective Order is to determine what the scope of the Rule 30(b)(6) deposition will be. *See Beach Mart, Inc.*, 302 F.R.D. at 407.

Although Alvey included three pages of case law purportedly showing why State Farm violated discovery rules, specifically Federal Rule of Civil Procedure 37(d)[1], by not immediately filing a Motion for Protective Order before the Rule 30(b)(6) deposition scheduled for January 10, 2018, she fails to cite any case law that specifically provides that the failure to file for a protective order prior to the deposition results in waiver of objections. (Docket # 27, pp. 11-14).

---

[1] Rule 37 addresses sanctions and a party's failure to make disclosures in discovery. Fed. R. Civ. P. 37(d).

Alvey also asserts that State Farm waived its objections with regards to privilege by failing to provide proper objections prior to the January 10, 2018, deposition. However, Alvey received State Farm's objections to the Rule 30(b)(6) notices prior to the January 10, 2018 deposition. Furthermore, each of the cases cited by Alvey in support of her assertion dealt with parties who filed their objections to document requests after over seventy days, which is not the case here. State Farm did not waive its objections based on privilege when it filed its objections to the Rule 30(b)(6) Notice and then filed this Motion for Protective Order.

### State Farm did not waive its attorney-client privilege objections by providing an insufficient privilege log.

Alvey argues that State Farm waived its objections to attorney-client privilege by providing an insufficient privilege log. As State Farm points out, Alvey failed to cite any authority that supports her position that the failure to provide a sufficient privilege log results in the waiver of attorney-client privilege.

### The work-product doctrine protects State Farm's investigation notes, internal reports analyzing and evaluating the claim, statements obtained from third-party witnesses and communications with counsel.

State Farm argues that "many topics" contained in Alvey's Rule 30(b)(6) Notice could be broadly construed to require State Farm to testify to all contents of State Farm's investigation claim file prepared prior to litigation.[2]

This Court finds that the portions of State Farm's investigation claim file that are protected by the work-product doctrine are State Farm's 1) investigation notes, 2) internal reports analyzing and evaluating the claim, 3) statements obtained from third-party witnesses, and 4) communications with counsel. Therefore, State Farm's Motion for Protective Order is granted

---

[2] 3. All facts, information, and/or documents that relate to State Farm's investigation.

and the 30(b)(6) corporate representative is not required to testify on these four specific portions of the investigation claim file.

Federal Rule of Civil Procedure 26(b) controls the scope of discovery. It provides that generally "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). "A document is prepared in anticipation of litigation when the document, in light of the facts of the case, was obtained because of the prospect of litigation." *Stampley v. State Farm Fire & Cas. Co.*, 23 F. App'x 467, 470 (6th Cir. 2001). The Sixth Circuit has adopted the "because of" test as the standard for determining whether documents were prepared "in anticipation of litigation." *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). Under this standard, the court determines (1) whether the document was created because of the party's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonably. *Id*. at 594.

State Farm asserts that its protection under the work-product doctrine arose on or before February 26, 2016, after State Farm's Special Investigative Unit ("SIU") accepted ownership of the claim file based on the presence of multiple National Insurance Crime Bureau ("NICB") fraud indicators identified on or about February 24, 2016. State Farm asserts that it produced the claim file notes from the date of the fire through February 24, 2016, which in part referenced that Alvey herself thought the fire might be the result of arson, and also identified the applicable seven fraud indicators.[3] State Farm contends that from that point forward, it had an objectively

---

[3] State Farm lists the applicable factors in both its Motion for Protective Order and in its attached Exhibit D, a redacted version of the claim file. (Docket # 25-5).

9

reasonably anticipation of litigation if it uncovered credible evidence of fraud supporting a denial.

Alvey contends that until an investigation, analysis, and assessment are completed, it is impossible to anticipate litigation. Alvey asserts that the claim investigation was not created in anticipation of litigation but rather was created in order to assess the claim and make a determination on whether to pay it. Alvey contends that State Farm could not have anticipated the litigation until after it completed its investigation and assessment and determined that it would deny Alvey's claim.

"Simply because an investigation occurs before a suit is filed does not mean that it was not done because of the prospect of litigation." *Stampley*, 23 F. App'x at 470. As State Farm calls attention to in its Motion, the Sixth Circuit and other district courts have held that insurance claim files were prepared in anticipation of litigation despite the fact that the insurance companies were only investigating the potentially fraudulent claims. *See id.* (holding that litigation was reasonably anticipated and the documents were protected by the work-product doctrine because of the "suspicious nature" of the fire and the incident report filed by the Detroit Fire Department); *Lett v. State Farm Fire & Cas. Co.*, 115 F.R.D. 501, 503 (N.D. Ga. 1987) (holding that litigation was reasonably anticipated and portions of the claim file were protected by the work-product doctrine due to the suspicious nature of the fire and the referral to defendant's special investigation unit); *Chambers v. Allstate Ins. Co.,* 206 F.R.D. 579, 588 (S.D. W. Va. 2002) (holding that litigation was reasonably anticipated when it became fairly foreseeable to the insurer initially that the losses were caused by arson and the insured was involved in it); *see also Welle v. Provident Life & Accident Ins. Co.*, No. 312CV3016EMCKAW, 2013 WL 6020763, at *3 (N.D. Cal. July 31, 2013); *Jones v. Tauber & Balser, P.C.*, 503 B.R.

162, 194-95 (N.D. Ga. 2013). Here, State Farm had a subjective anticipation of litigation because it decided to investigate Alvey's claim. Additionally, State Farm or its representatives reasonably could have anticipated the prospect of litigation because Alvey's claim satisfied seven of the NICB fraud indicators.

Nevertheless, materials that were prepared in anticipation of litigation or trial may be discovered upon a showing of (1) substantial need of the materials to prepare the case and (2) inability without undue hardship to obtain a substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(i)-(ii); *Stampley*, 23 F. App'x at 470. Although Alvey contends that the only way to prove breach of contract is to show that State Farm improperly denied her claim in violation of the insurance policy by questioning the Rule 30(b)(6) representative about matters contained in State Farm's investigation claim file, she fails to show the requisite need/undue hardship. Alvey made no showing that the facts contained in the claim file cannot be elicited by deposing the third-party witnesses interviewed. *See Lett v. State Farm Fire & Cas. Co.*, 115 F.R.D. 501, 504 (N.D. Ga. 1987).

Alvey argues that State Farm did not properly assert work-product protection because State Farm's privilege log simply lists document titles and asserts privileges without providing any of the required support, such as the "nature of the documents, communications, or tangible things not produced or disclosed." (Docket # 27, p. 15). Alvey fails to cite any case law that supports her argument that the Court should deny a party's Motion for Protective Order based on the work-product doctrine because of an insufficient privilege log.

**State Farm's Motion for Protective Order based on relevancy and proportionality is granted in part and denied in part.**

State Farm contends that many of the topics in Alvey's Rule 30(b)(6) notice are overly broad, irrelevant, and not proportional to the needs of the contract case and that they would

require State Farm's corporate representative to testify regarding all facts, information and documents that "relate to" any information, physical evidence, or circumstantial evidence gathered or discovered during the investigation. State Farm asserts that these topics are "so broad to include, for example, the entire claim file which is over 1,300 pages; Alvey's examination Under Oath Transcript which is 220 pages plus exhibits; 2,500 pages of financial, employment, phone, utility and vendor records which defense counsel subpoenaed after suit was filed; all discovery responses; all letters sent by defense counsel related to the subpoenas; and defense counsel's communications with other parties." (Docket # 25-1, p. 9). State Farm contends that it should only be required to identify those facts and documents that support denial of the claim and that, other than privileged documents, Alvey is in possession of all of the records properly requested and is fully capable of reading and assessing the contents of each of these documents without the need for a corporate representative to attest to those materials.

Other than the above examples that State Farm lists as being "so broad" and the objections to two specific subparts of Topic No. 1, State Farm only generally objects to the other topics that appear on the revised deposition notice. The Court concludes that it need not provide detailed analysis of each of the topics and subparts. Instead, the Court makes the following rulings as to what State Farm's Rule 30(b)(6) representative must testify to consistent with the determinations above regarding the work-product doctrine.

Topic No. 1 requests all facts, information, and/or documents that relate to the allegations, claims, and denials put forward in State Farm's Answer to the Complaint. State Farm argues in its Reply brief that although the parties agreed that, given the Court's stay of discovery on the bad faith claims, inquiry on related topics would be improper, Alvey's revised notice for 30(b)(6) deposition requests this type of testimony. (Docket # 24). State Farm

specifically cites to Topic No. 1v[4] and 1ix[5]. The Court agrees with State Farm; Topic No. 1, subparts v and ix, are not permitted areas of inquiry because they relate to the statutory and common-law bad faith claims, which have been stayed pending resolution of this breach of contract claim. *See* Docket # 12. Therefore, State Farm's Motion for Protective Order is granted as to Topic No. 1v and 1ix.

The other subparts of Topic No. 1, as well as Topic No.'s 2, 3, 4, 5, and 6 request all facts, information, and/or documents that relate to: 1) the allegations, claims, and denials put forth in State Farm's Answer to the Complaint, 2) the "Summary of Evidence Supporting Denial" that State's Farm's counsel submitted to Alvey, 3) the investigation of Alvey's claim, 4) the documentation sent by State Farm to Alvey about her claim, 5) the documentation that State Farm controls and/or possesses relating to Alvey's claim, and 6) communications between State Farm and third-parties about Alvey's claim. (Docket # 24). The work-product doctrine significantly limits State Farm's corporate representative's testimony on State Farm's investigation of Alvey's claim.

Nevertheless, the overly broad nature of the requests is not "reasonably particular" as required by Rule 30(b)(6). The test for reasonable particularity is whether the request places the party upon "reasonable notice of what is called for and what is not." *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)). In this case, all of the requests are open-ended and call for "all facts, information, and documents" that relate to the "allegations, claims, and denials" in this action. There may have been numerous facts, information, and documents

---

[4] v. All facts, information, and/or documents that relate to State Farm's denials that State Farm failed in good faith to effectuate a good, fair, and equitable settlement of a claim in which liability is clear. (Docket # 24).
[5] ix. All facts, information, and/or documents that relate to State Farm's claim that its conduct "does not warrant imposition of punitive damages pursuant to KRS 411.184(2) and (3), KRS 411.186, and any other applicable Kentucky Law," as stated in State Farm's Answer to the Complaint. (Docket # 24).

that were gathered or discovered during State Farm's investigation that turned out to be irrelevant or that were not relied upon. Alvey, as the party requesting the deposition, carries the burden of satisfying the "reasonable particularity" standard of Rule 30(b)(6). State Farm cannot reasonably designate and prepare a corporate representative to testify on its behalf regarding these broad lines of inquiry. Therefore, under Federal Rule of Civil Procedure 26(b)(2)(C)(iii), the Court must limit the discovery. The Court grants, in part, State Farm's Motion for Protective Order and limits the topics and subparts of the 30(b)(6) Notice to facts, information, and documentation that were utilized and/or relied upon in Alvey's claim and investigation. To the extent that Topic No.'s 1, 2, 3, 4, 5, and 6 are not already limited by the work-product doctrine, State Farm has an obligation to reasonably prepare the corporate representative to testify to the knowledge of the corporation within these confines. *See Schall*, 2017 WL 4050319, at \*5; *Janko Enters.*, 2014 U.S. Dist. LEXIS 185334, at \*12.

**State Farm's Motion for Protective Order is granted in regards to Alvey's specific renter's policy and the relevant portions of its policy that relate to policy's property damage coverage, intentional acts exclusion, concealment or fraud provision, and duties to cooperate.**

Lastly, State Farm contends that Alvey's requests for a corporate representative to attest to facts, information and documents that "relate to" the renter's policy and any contract between Alvey and State Farm are overbroad, irrelevant, and not proportional to the needs of the case. State Farm asserts that its corporate representative should only be required to address those terms of the renter's policy which State Farm contends supports its denial, especially when there is no dispute that the policy was in effect on the date of the loss. Conversely, Alvey argues that she should be allowed to inquire about the entire renter's policy because her cause of action is based on it. The Court explicitly notes that neither party addressed under what topic nor subpart this line of questioning would even stem from.

The scope of discovery is broad in the sense that "parties may obtain it regarding any non-privileged matter that is a) relevant to any party's claim or defense and b) proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Certain portions of Alvey's specific renter's policy are relevant, such as the documents identified by State Farm in its Answer to Interrogatory No. 6, i.e. policy's property damage coverage, intentional acts exclusion, concealment or fraud provision, and duties to cooperate. However, the entire renter's policy and information about payments and premiums are not necessarily relevant because there is no dispute about whether the policy was in effect at the time. Therefore, State Farm's objections are sustained as to Alvey's specific renter's policy and the relevant portions of its policy that relate to policy's property damage coverage, intentional acts exclusion, concealment or fraud provision, and duties to cooperate.

**Conclusion and Order**

Defendant's Motion for Protective Order is granted in part and denied in part. (Docket # 25). The Court finds that each of the topics and subparts of the 30(b)(6) Notice are limited by the work-product doctrine and to the facts, information, and documentation that were utilized and/or relied upon in Alvey's claim and investigation.

c: Counsel