UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:17-CV-00023-TBR-LLK

HEATHER ALVEY                                                                PLAINTIFF

v.

STATE FARM FIRE & CASUALTY COMPANY                      DEFENDANT

**OPINION AND ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 8).

Defendant State Farm Fire & Casualty Company ("State Farm") filed a Motion to Obtain Juvenile Statements from the Paducah Fire Department pursuant to Federal Rule of Civil Procedure 26(b)(1) and Federal Rules of Evidence 613 and 801. (Docket # 35). Plaintiff, Heather Alvey, filed her Response to this Motion (Docket # 37) and State Farm filed its Reply (Docket # 38). Fully briefed, this Motion is ripe for adjudication. For reasons detailed below, State Farm's Motion to Obtain Juvenile Statements is DENIED.

**Background**

This action arises out of a fire to the home being rented by Plaintiff, Heather Alvey, in Paducah, Kentucky, on or about February 22, 2016. It is undisputed that at the relevant times, Alvey had a renter's policy with State Farm that, in part, insured the contents of the home. State Farm contends that it investigated and denied the claim on the following grounds that Alvey: a) intentionally set the fire and Alvey had motive and opportunity to burn the home; b) made material representations in the presentation of her claim that voided the policy; and c) failed to comply with her duties to cooperate under the policy. Alvey brought suit against State Farm for breach of contract and statutory and common-law bad faith.

1

Deputy Fire Chief Greg Cherry investigated the house fire as potential arson. (Docket # 35-2). The arson investigation was later discontinued. (*Id.*). Chief Cherry testified during his deposition that Alvey's juvenile children provided statements to the Paducah Fire Department regarding the fire. (*Id.*).

Alvey now claims that her child(ren) accidentally caused the house fire by throwing paper or other items into a ceiling fan fixture in the living room, which ignited and resulted in a fire around the living room. Alvey plans on calling her children to testify at trial. (Docket # 35-6; # 37).

State Farm made an Open Records request pursuant to KRS 61.872(5) to the Paducah Fire Department on May 31, 2017, for information and documentation, including all witness statements. (Docket # 35-3). No juvenile statements were produced or referenced as part of the fire department's production. (Docket # 35-4). The City of Paducah is willing to produce the statements pursuant to a court order. (Docket # 35-5).

State Farm argues that the Paducah Fire Department has not met its burden of proof in showing that the juvenile witness statements are exempt from production. Further, State Farm argues that although there are specific exceptions to the production of open records, juvenile witness statements to a fire department are not exempt. State Farm asserts that these witness statements should have been produced pursuant to its initial open records request and that the Paducah Fire Department should produce them now.

The Open Records Act was adopted in 1976 with a preamble stating that "access to information concerning the conduct of the peoples' business is a fundamental and necessary right of every citizen in the Commonwealth of Kentucky." *Util. Mgmt. Grp., LLC v. Pike Cty. Fiscal Court*, 531 S.W.3d 3, 7-8 (Ky. 2017) (quoting 1976 Ky. Acts Chapter 273). The Act applies to

any entity qualifying as a "public agency" under KRS 61.870(1) including state or local government officials, departments, commissions, boards and special district boards. *Id.* at 8. The parties do not dispute that the Paducah Fire Department is a "public agency" subject to the Act.

KRS 61.872(1) provides that "all public records shall be open for inspection by any person" and KRS 61.872(2) elaborates that "any person shall have the right to inspect public records." *Id.* at 11-12. A "public record" includes "all books, papers, maps, photographs, cards, tapes, discs, diskettes, recordings, software, or other documentation regardless of physical form or characteristics, which are prepared, owned, used, in the possession of or retained by a public agency." KRS 61.870(2). Enumerated under those exceptions in KRS 61.878(1) are "public records or information on the disclosure of which is prohibited or restricted or otherwise made confidential by enactment of the General Assembly."

However, State Farm fails to provide any caselaw or other authority in support of its argument that this Court may order the Paducah Fire Department to produce records pursuant to a previous open records request. First, the statute authorizes Kentucky circuit courts, not federal district courts, to enforce actions regarding open records requests. KRS 61.882(1) provides that "[t]he Circuit Court of the county where the public agency has its principal place of business or the Circuit Court of the county where the public record is maintained shall have jurisdiction to enforce the provisions of KRS 61.870 to 61.884, by injunction or other appropriate order on application of any person." State Farm has provided no authority that shows that a federal district court may require a public agency to produce public records pursuant to an open records request. Second, the statute contemplates not only that the public agency bears the burden of proof but, importantly in this case, that they be a party to the action. KRS 61.882(3) provides that "In an original action or an appeal of an Attorney General's decision, where the appeal is properly filed

3

pursuant to KRS 61.880(5)(a), the burden of proof shall be on the public agency…" In this case, the Paducah Fire Department is not a party to this action. Furthermore, this Court has not issued a subpoena to the Paducah Fire Department for the witness statements.

IT IS HEREBY ORDERED that State Farm's Motion Obtain Juvenile Statements from the Paducah Fire Department is DENIED.

**Lanny King, Magistrate Judge**
**United States District Court**

July 25, 2018

c: Counsel